UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
JEREMY WILSON,

                Plaintiff,

         -against-

THE CITY OF NEW YORK, DETECTIVE
SETH LAYNE, Shield # 3302, DETECTIVE
CHRISTOPHER SEIBOLD, Shield # 5580,

                Defendants.
---------------------------------------------------------------- x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

06-CV-229 (ARR)(VVP)

**OPINION AND ORDER**

ROSS, United States District Judge:

       Plaintiff, Jeremy Wilson, brings this action pursuant to 42 U.S.C. § 1983 and State law, principally alleging that Detectives Seth Layne and Christopher Seibold falsely arrested and maliciously prosecuted him in connection with a shooting which occurred on October 9, 2003, at a video arcade in Times Square. On or about October 31, 2007, plaintiff moved to compel the production of the instructions given to the New York County Grand Jury which indicted him for attempted murder and other offenses relating to that shooting. On November 19, 2007, Magistrate Judge Pohorelsky denied that motion on the grounds that the Grand Jury instructions were not relevant to any issues in the action, that plaintiff had not made any showing of need for the instructions, and that comity required that the application first be made before the State court that oversees Grand Jury proceedings. Plaintiff now appeals Magistrate Judge Pohorelsky's ruling to this court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

       Rule 72(a) and the Federal Magistrates Act establish that a district court shall reverse a Magistrate Judge's order regarding a non-dispositive matter only where the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Because pretrial discovery matters are generally considered "non-dispositive," they are reviewed under this

"clearly erroneous" standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Popular Imports, Inc. v. Wong's Int'l, Inc., 166 F.R.D. 276, 277 (E.D.N.Y. 1996). A finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Under this "highly deferential standard of review," magistrate judges are "'afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused.'" Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A., No. 02 Civ. 0795, 2005 U.S. Dist. LEXIS 3635, at *5 (S.D.N.Y. Mar. 9, 2005) (quoting Derthick v. Bassett-Walker Inc., Nos. 90 Civ. 5427, 90 Civ. 7479, & 90 Civ. 3845, 1992 U.S. Dist. LEXIS 14505, at *8 (S.D.N.Y. Sept. 23, 1992); see also Perez v. Consol. Edison Co., No. 02 Civ. 2832, 2003 U.S. Dist. LEXIS 20028, at *5 (S.D.N.Y. Nov. 10, 2003).

Magistrate Judge Pohorelsky's November 19, 2007, ruling was not clearly erroneous. First, this court finds no support for plaintiff's assertion that the Grand Jury instructions he seeks are "not secret." Letter to Hon. Allyne R. Ross from David A. Zalman, Esq., dated Nov. 26, 2007, at 3. Even assuming that the dated Ninth Circuit dictum to which plaintiff cites, United States v. Alter, 482 F.2d 1016, 1029 n. 21 (9th Cir. 1973), accurately reflects the current law in this Circuit, Alter involved federal grand jury instructions. The instructions in this case, however, are State instructions and New York law prohibits disclosure of "the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding." See N.Y. Crim. Proc. Law § 190.25(4)(a) (McKinney 2007). Federal courts are not bound by this State law, but "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished

2

at no substantial cost to federal substantive and procedural policy." Lora v. Bd. of Ed., 74 F.R.D. 565, 576 (E.D.N.Y. 1977). Thus, federal courts will not order the disclosure of State grand jury proceedings unless the party seeking to compel the disclosure (1) gives the State courts the initial opportunity to adjudicate the request and (2) can demonstrate a "particularized need" for the grand jury materials. See, e.g., Palmer v. Estate of Stuart, No. 02 Civ. 4076 (LTS)(GWG), 2004 WL 2429806, at *2-3 (S.D.N.Y. Nov. 1, 2004).

Plaintiff has not met either requirement. Although plaintiff moved in State court to unseal all "Grand Jury minutes" in 2006, well before he moved to compel production in this court, plaintiff implies that he did not specifically request the Grand Jury instructions before the Supreme Court. See Letter to Hon. Allyne R. Ross from David A. Zelman, Esq., dated Dec. 13, 2007, ("Reply Letter") at 1 (stating that "[i]t was only after a thorough examination of the Grand Jury minutes that the instructions provided to the Grand Jurors became paramount"). As a result, the Supreme Court, which denied plaintiff's motion but directed that the People disclose to plaintiff those minutes which had previously been provided to plaintiff or his co-defendants as Rosario material, never mentioned the instructions in its November 9, 2006, ruling on plaintiff's unsealing application. Id.; see People v. Wilson, Ind. No. 1516/03, slip. op. at 1 (Sup. Ct. N.Y. County Nov. 9, 2006). Since plaintiff did not specifically request the grand jury instructions in his 2006 unsealing application, plaintiff has not afforded the State court the opportunity to adjudicate the specific request which he is now making before this court.

In addition, plaintiff has not demonstrated a "particularized need" for the Grand Jury instructions. "To demonstrate a particularized need the movant must show 'that (a) the material sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed.'" Alvarado v. City

of New York, No. CV-04-2558 (NGG)(VVP), 2004 WL 2252511, at *2 (E.D.N.Y. Aug. 5, 2006) (quoting Scheiner v. Wallace, No. 93 Civ. 62 (RWS), 1995 WL 753931, at *5 (S.D.N.Y. Dec. 19, 1995)); see Cullen v. Margiotta, 811 F.2d 698, 715 (2d Cir. 1987). "A generalized desire for discovery needed to prove one's case . . . does not constitute the requisite showing of particularized need." Alvarado, 2004 WL 2252511, at *3. Indeed, "[a] review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." United States v. Torres, 901 F.2d 205, 233 (2d Cir. 1990).

Plaintiff makes no specific allegations of government misconduct. Rather, he argues that "[t]here was a paucity of evidence before the Grand Jurors as to what [plaintiff] did" during the October 9, 2003, incident, and speculates that the Grand Jurors would not have indicted plaintiff had they been properly instructed. Reply Letter at 1-2. This argument, however, flies in the face of a finding by New York County Supreme Court Justice Michael Obus, who "reviewed the Grand Jury minutes and found the indictment against [plaintiff] supported by legally sufficient evidence." Wilson, Ind. No. 1516/03, slip. op. at 1 (Sup. Ct. N.Y. County Nov. 9, 2006). In light of Justice Obus's finding, there is no reason to suspect that the Grand Jury instructions were inadequate or defective.

## *CONCLUSION*

For the reasons stated above, this court affirms Magistrate Judge Pohorelsky's order dated November 19, 2007.

SO ORDERED.

s/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: December 21, 2007
Brooklyn, New York

4

**SERVICE LIST:**

David A. Zalman, Esq.
612 Eastern Parkway
Brooklyn, New York 11225

Michael Chestnov
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, NY 10007

ADA Cynthia Sittnick
Special Litigation Bureau
New York County District Attorney's Office
One Hogan Place
New York, New York 10013

cc: Magistrate Judge Pohorelsky