UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JEREMY WILSON,

                Plaintiff,                  **ORDER**

    - v -

                                          CV-06-229 (ARR)(VVP)

CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------------x

        The parties have made several motions to resolve a variety of disputes. Specifically, the plaintiff seeks the production of documents from the New York County District Attorney's Office and further deposition testimony from former Assistant District Attorney Birgit Kollmar, to which those non-parties have objected on the grounds of work-product. The defendant seeks to obtain written statements made by witnesses interviewed by the plaintiff's counsel and investigator, also over a work-product objection. Finally, the defendant has moved to strike an amended complaint filed by the plaintiff without appropriate leave from the court.

        1. *Plaintiff's Motions to Compel Documents and Testimony*. A hearing on these motions will be held on **Monday, April 7, 2008 at 10:00 a.m.** in Courtroom 13A. The plaintiff should be prepared to address the argument that the testimony and documents he seeks are protected by the work-product doctrine notwithstanding that the litigation in which the information is sought is different from the litigation that gave rise to the creation of the information, and both the plaintiff and the respondent should be prepared to address how the analysis of the work-product issue is affected by whether Ms. Kollmar becomes a party-defendant in this litigation.

        2. *Defendants' Motion to Strike the Amended Complaint*. This motion is granted for the simple reason that the court did not grant leave to the plaintiff to file the complaint in the form that it was filed. *See* Fed. R. Civ. P. 15(a)(2) (leave of court or consent of adversary required for filing of amended pleading if responsive pleading has already been filed). Although the court granted leave to file an amended complaint naming Ms. Kollmar as an additional defendant, the plaintiff's amended complaint contains not only the additional claim against Ms. Kollmar but also malicious prosecution and false arrest claims against another party, Lieutenant West, which the court had specifically denied leave to the plaintiff to add. The suggestion that the amended complaint be allowed to stand while the plaintiff appeals the court's rulings is rejected because

that will lead to unnecessary responsive pleadings and confusion in the record. The clerk is directed to remove the amended complaints filed at docket entries 57 and 61 from the record. The plaintiff may make a motion to amend the complaint to add the malicious prosecution claim against West, as permitted by the court's ruling on February 7, 2008, to which a proposed *second* amended complaint (assuming a new amended complaint naming Ms. Kollmar is filed and served as permitted by the February 7 ruling) must be annexed.

      3. *Defendants' Motion to Compel Production of Witness Statements.* The plaintiff recently obtained written statements signed by two witnesses.[1] The statements were prepared because of the present litigation by or at the behest of the plaintiff's counsel, and therefore fall squarely within the work-product protections of Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure. The defendants nevertheless have moved to compel their production on the ground that the work-product protection has been waived because they were never disclosed in a privilege log. Putting aside whether a privilege log is required for statements such as these which were prepared by the plaintiff's counsel or at his direction after the litigation was commenced, *see, e.g., 1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.*, No. 05-cv-1670, 2007 WL 2904073, at *1 (S.D. Ind. May 18, 2007), the plaintiff has now supplied a privilege log identifying the documents. Given legitimate uncertainty about whether such documents must be identified on a privilege log and the fact that a log has now been provided within a relatively brief period after the documents were obtained, the court cannot find that the work product protections afforded to the statements have been waived. The defendants' motion to compel production of the documents is therefore denied.

      The privilege log provided by the plaintiff does not, however, disclose the names of the two witnesses from whom the statements were obtained. Given the large number of non-party witnesses to the events in question in this action who have been identified in the disclosures, it is neither efficient nor practical for the defendant to attempt to locate and depose all of them. It is fair to assume that the plaintiff will actually call at trial witnesses from whom statements were obtained. Thus, in order to prevent unfair surprise at trial and to permit the defendants the opportunity to obtain the substantial equivalent of any such statements, *cf*. Fed. R. Civ. P.

---

[1] One of the statements was signed in mid-December 2007 and the other in January 2008.

26(b)(3)(A)(ii), the plaintiff is directed to disclose the identities and most recent addresses of the two witnesses from whom statements were obtained, as well as the identities and most recent addresses of any other non-party witnesses from whom statements have been obtained. The above information is to be provided within ten days.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
March 26, 2008