UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JEREMY WILSON,

     Plaintiff,

   -against-

THE CITY OF NEW YORK, DETECTIVE
SETH LAYNE, Shield # 3302, and DETECTIVE
CHRISTOPHER SEIBOLD, Shield # 5580,

     Defendants.
----------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

06-CV-229 (ARR) (VVP)

**OPINION AND ORDER**

ROSS, United States District Judge:

Plaintiff, Jeremy Wilson, appeals a ruling issued on February 7, 2008, by Magistrate Judge Viktor V. Pohorelsky, which denied plaintiff's motion to amend his complaint to add a Lieutenant James A. West as a defendant in this action. For the reasons stated below, the Court finds plaintiff's objections to Magistrate Judge Pohorelsky's rulings to be entirely without merit.

## *BACKGROUND*

On January 19, 2006, plaintiff, Jeremy Wilson, commenced this action pursuant to 42 U.S.C. § 1983 against the City of New York and Detectives Seth Layne and Christopher Seibold, alleging that he had been falsely arrested and maliciously prosecuted in connection with a gang-related shooting in which eight persons were injured. In his original complaint, plaintiff alleged that he was arrested on March 9, 2003, shortly after shooting, and was subsequently charged with attempted murder in the second degree, assault in the first degree and other, lesser offenses (Complaint at ¶¶ 1, 11). Thereafter, plaintiff remained in custody until October 31, 2005, when "as part of a plea agreement involving [plaintiff's] brother, Justin Williams, all charges against [plaintiff] were dismissed by oral application of the prosecutor" (Id. at ¶ 15).

The original complaint contained six causes of action: section 1983 claims for false arrest and malicious prosecution, state law claims for false arrest, malicious prosecution and recklessness and a claim alleging violations of various provisions of the New York State Constitution. Although the complaint alleged that Detective Seibold "took part in implementing, enforcing, and/or effectuating the arrest that is the subject of this action" (id. at ¶ 6), the complaint did not allege any specific acts or omissions by Detective Layne. The City's Corporation Counsel, who represents all three defendants in this action, did not move to dismiss the complaint on behalf of any one of them.

In October 2007, plaintiff moved pursuant to Fed. R. Civ. P. 15(a) for permission to amend "the caption in this matter to include proposed defendant, City of New York employee, Lieutenant West" (Notice of Motion dated Oct. 12, 2007). In his affirmation in support of the motion, plaintiff's counsel stated that West had admitted during his deposition that he "was involved in the decision to arrest the plaintiff" (Affirmation of David A. Zelman, Esq., in Support of Motion ("Zelman Affirmation") at ¶ 12). However, the proposed amended complaint submitted in support of plaintiff's motion did not include any specific factual allegations concerning West's involvement in plaintiff's arrest and detention. Indeed, except for changes in the paragraph numbers – caused by the addition of a paragraph which described West as a "Lieutenant of the New York City Police Department Intelligence Division" who acted in his capacity as a City employee and under color of state law at all time relevant to the action (Proposed Amended Complaint at ¶ 7) – and the addition of West's name to the caption, the proposed amended complaint differs from the original complaint in only one significant respect.[1]

---

[1] Plaintiff also corrected the spelling of the word "forty" in paragraph 11. However, typos in paragraphs 8 and 15 were left unchanged, as was a typo in the heading of the sixth cause of action, which was labeled a second "Fifth Cause of Action."

The proposed amended complaint would add three new sentences to paragraph 16 of the original complaint, which alleged only that "[t]here was insufficient evidence to arrest and/or prosecute WILSON." Specifically, plaintiff proposes amending this paragraph (renumbered paragraph 17) to read:

> There was insufficient evidence to arrest and/or prosecute WILSON. Defendants knew or should have known of this fact and despite this, continued to assist in pressing charges against WILSON which could not be proven. Defendants concealed exculpatory information. Defendants unreasonably prolonged plaintiff's detention. See, Russo v. City of Bridgeport, et al., 479 F.3d 196 (2nd Cir., 2007).

At a conference on February 7, 2008, Magistrate Judge Pohorelsky orally denied plaintiff's motion, finding that it would be futile to permit plaintiff to amend the complaint in the manner proposed. See Transcript of Feb. 7, 2008, Motion Hearing and Discovery Status Conference (attached as Ex. F to Letter from David A. Zelman, Esq., to Honorable Allyne R. Ross, dated Mar. 4, 2008, and as Ex. E to Declaration of Michael Chestnov in Opposition to Plaintiff's Rule 72 Motion) at 40. Judge Pohorelsky ruled that plaintiff's proposed false arrest claims against West were time-barred under both section 1983 and New York State law. Id. at 32-36. He further ruled that the allegations in plaintiff's proposed amended complaint were insufficient to state a malicious prosecution claim. Id. at 24-29. However, noting that plaintiff had already taken West's deposition and might therefore be able to plead facts to substantiate the conclusory allegations that West had "concealed exculpatory evidence," Judge Pohorelsky granted plaintiff leave to file a second motion proposing another amended complaint that would expand the allegations with respect to the malicious prosecution claims only. Id. at 39-40. Thereafter, Judge Pohorelsky memorialized his ruling in a "Minute Order" dated February 7, 2008, which stated, inter alia:

> For reasons stated on the record, the plaintiff's motion to amend the complaint to add Lieutenant West as a defendant and to assert false arrest and malicious prosecution claims against him is denied, without prejudice to the filing of another motion within 30 days seeking leave to amend based on a proposed amended complaint that cure the pleading defects identified in the court's decision today with respect to the proposed malicious prosecution claims only.

See Minute Order dated Feb. 7, 2008 (attached as Ex. A to Declaration of Michael Chestnov in Opposition to Plaintiff's Rule 72 Motion) at ¶ 2. This Order was electronically filed on February 8, 2008, which resulted in a copy being e-mailed to both defendants' and plaintiff's counsel. See Electronic Receipt for Minute Order (attached as Ex. C to Declaration of Michael Chestnov in Opposition to Plaintiff's Rule 72 Motion).

On February 14, 2008, plaintiff wrote Judge Pohorelsky a letter, stating that plaintiff was unable to afford the transcript of the February 7, 2008, proceedings and requesting that the Court order the transcript on an expedited basis "to ensure compliance with deadlines." Letter from David A. Zelman, Esq., to Honorable Viktor V. Pohorelsky, dated Feb. 14, 2008 (attached as Ex. A to David A. Zelman's Affirmation in Reply, dated Mar. 26, 2008). The next day, plaintiff's counsel wrote Judge Pohorelsky a second letter, citing to 28 U.S.C. § 636(b)(1)(C) and requesting that a copy of the February 7, 2008, "decision be mailed (or provided electronically)" to him. Letter from David A. Zelman, Esq., to Honorable Viktor V. Pohorelsky, dated Feb. 15, 2008 (attached as Ex. B to David A. Zelman's Affirmation in Reply, dated Mar. 26, 2008). On February 19, 2008, Judge Pohorelsky responded to these letters by posting an electronic notice on the docket sheet, informing the parties that he was ordering a copy of the transcript of the February 7, 2008, proceedings "on a weekly basis" and that the transcript would be available in

the Clerk's Office for the parties' review. That transcript was completed on February 25, 2008. See Transcript of Feb. 7, 2008, Motion Hearing and Discovery Status Conference at 57.

By letter dated March 4, 2008, plaintiff appeals Magistrate Judge Pohorelsky's February 7, 2008, ruling to this Court. The letter characterizes Judge Pohorelsky's ruling as a report and recommendation, and asserts that this appeal is timely because it was filed within ten days of the date that the ruling was e-mailed to plaintiff's counsel. See Letter from David A. Zelman, Esq., to the Honorable Allyne R. Ross, dated Mar. 4, 2008 ("Plaintiff's Appeal"), at 1. However, the letter also states that the appeal is taken pursuant to Fed. R. Civ. P. 72(a), id., and urges this Court to apply the "clearly erroneous or contrary to law" standard of review. Id. at 2. Defendants agree that the "clearly erroneous or contrary to law" standard should apply, but argue that the objections are untimely because they were filed more than ten days following entry of the "Minute Order." See City Defendant's Memorandum of Law in Opposition to Plaintiff's Objections, at 2-6.

## DISCUSSION

*The Timeliness of Plaintiff's Objections and the Standard of Review*

The determination of whether plaintiff's objections are timely and whether the "clearly erroneous or contrary to law" standard applies to this appeal turns on whether the pretrial matter on which Judge Pohorelsky ruled was dispositive or nondispositive. Rule 72(a) of the Federal Rules of Civil Procedure sets forth the procedure relating to nondispositive matters as follows:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district court in the case must

consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law.

The procedure for dispositive motions, on the other hand, is set forth in Rule 72(b). This subsection, which applies when a magistrate judge is assigned, without consent of the parties, "to hear a pretrial matter dispositive of a claim or defense," requires that a magistrate judge "enter a recommended disposition" and that the Clerk of Court "promptly mail a copy to each party." Fed. R. Civ. P. 72(b)(1). A party must serve and file written objections within 10 days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2), and the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Courts in this Circuit are divided on the issue of whether, and under what circumstances, motions to amend a pleading are dispositive or nondispositive. The Second Circuit has not yet ruled on the issue, see Children First Found., Inc. v. Martinez, No. 1:04-CV-0927 (NPM), 2007 WL 4618524, at *4 (N.D.N.Y Dec. 27, 2007) (citing Rubin v. Valicenti Advisory Servs., 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007)), but has stated in dictum and in an unpublished opinion that motions to amend are nondispositive and has suggested that the procedures of Rule 72(a) invariably apply. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) (indicating that a motion to amend the complaint is "nondispositive" and governed by Fed. R. Civ. P. 72(a)); Kilcullen v. New York State Dep't of Transp., 55 Fed. Appx. 583, 584 (2d. Cir. 2003) (analyzing a magistrate judge's decision to deny a Rule 15(a) motion to add a claim to the complaint under the Rule 72(a) standard). In addition, several district courts, opining that "the weight of authority" within this Circuit classifies a motion to amend a pleading as nondispositive, have automatically applied Rule 72(a) standards to motions to amend, even in cases where the

magistrate judge's decision on the motions foreclosed a party from asserting potential claims. See, e.g., Lyondell-Citgo Refining, L.P. v. Petroleos de Venezuela, S.A., No. 02 Civ. 0795 (CBM), 2005 WL 883485, at *3 (S.D.N.Y. Apr. 14, 2005); Credit Suisse First Boston LLC v. Couer D'Alene Mines Corp., No. 03 Civ. 9547 (PKL)(MHD), 2005 WL 323714, at *3 (S.D.N.Y. Feb. 10, 2005).

Other district courts have held that a Rule 15(a) motion is dispositive where the magistrate judge's denial of the motion foreclosed potential claims. See, e.g., Covington v. Kid, No. 94 Civ. 4234 (WHP), 1999 WL 9835, at *2 (S.D.N.Y. Jan. 7, 1999); Champion Titanium Horseshoe, Inc. v. Wyman-Gordon Inv. Castings, Inc., 925 F.Supp. 188, 189-90 (S.D.N.Y. 1996); Moss v. Stinnes Corp., No. 92 Civ. 3788 (JFK), 1995 WL 625685, at *1 (S.D.N.Y. Oct. 25, 1995). Some of these courts have specifically held "that a denial of a motion to amend is dispositive where the denial is based on futility because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions." Children First Found., 2007 WL 4618524, at *4 (citing HHC, Inc. v. RH&M Mach. Co., 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999)).

Although this Court is persuaded that the latter group of cases is better reasoned, this Court need not decide which of group of district courts is correct. Under either the 72(a) or 72(b) standard of review, this Court would uphold the ruling of Magistrate Judge Pohorelsky which is at issue herein. Accordingly, in the discussion that follows, this Court shall assume, without deciding, that plaintiff's objections are timely and that the more stringent, de novo standard of review applies to this case.

*The Merits*

Motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which specifically provides that leave to amend a complaint "shall be freely given when justice so requires." Even though leave to amend is to be "liberally granted," however, it may properly be denied for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." Routolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962).

In this case, Magistrate Judge Pohorelsky properly concluded that it would be futile to permit amendment of the complaint in the manner proposed by plaintiff. First, Magistrate Judge Pohorelsky correctly held that plaintiff's § 1983 claim for false arrest was time-barred. Section 1983 cases arising in New York have a three-year statute of limitations. Patterson v. City of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). The "standard rule" is that accrual occurs when the plaintiff has "a complete and present cause of action" – "that is, when 'the plaintiff can file suit and obtain relief.'" Wallace v. Kato, ___U.S.___, 127 S.Ct. 1091, 1095 (2007) (quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp., 522 U.S. 192, 201 (1997)). Thus, a plaintiff must "know or ha[ve] reason to know of the injury that is the basis of the action." M.D. v. Southington Bd. of Educ., 334 F.3d 217, 221 (2d Cir. 2003). In a case of false arrest and imprisonment followed by criminal proceedings, the statute of limitations on the false arrest and imprisonment claims begin to run at the time the claimant becomes detained pursuant to legal process. Wallace, 127 S.Ct. at 1096, 1100.

In this case, plaintiff became detained pursuant to legal process on March 13, 2003, when he was arraigned before Judge Neil Ross in New York County Supreme Court. See Declaration of Michael Chestnov in Opposition to Plaintiff's Rule 72 Motion, Ex. D. Plaintiff was unquestionably aware at that time of his unlawful arrest and detention and therefore knew of the "injury" which is the basis of his § 1983 false arrest claim.[2] Therefore, the three-year statute of limitations applicable to plaintiff's § 1983 false arrest claim expired on March 13, 2006 – long before plaintiff moved to amend the complaint.

Although plaintiff's original complaint, which was filed in January 2006, was timely, plaintiff's claims against West did not relate back to the original complaint. Rule 15(c) of the Federal Rules of Civil Procedure, which governs relation back, provides in pertinent part:

> An amendment to a pleading relates back to the date of the original pleading when:
> 
> \* \* \*
> 
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if [subsection B, above] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[2] In 2000, the Supreme Court made clear that, under the injury discovery rule, which applies to this case, "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." See Rotella v. Wood, 528 U.S. 549, 555 (2000). To the extent that Yeadon v. New York City Transit Auth., 719 F.Supp. 204 (S.D.N.Y. 1989) – the case on which plaintiff principally relies – suggests a different rule, this Court can no longer rely upon Yeadon. However, this Court notes that Yeadon itself acknowledged that individual § 1983 false arrest claims typically accrue at the time of arrest, because the plaintiff immediately knows that he is being falsely accused. Id. at 209, n. 11.

The Second Circuit has held that a "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake," as that term is used in Rule 15(c)(1)(C)(ii). Barrow v. Wethersfield Police Dept., 66 F.3d 466, 470 (2d Cir. 1995), as modified in Barrow v. Wethersfield Police Dept., 74 F.3d 1366 (2d Cir. 1996). Thus, Rule 15(c) "does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." Id.

In this case, plaintiff's counsel has implied that he did not know of West's involvement in the case until West admitted during his deposition that he "was involved in the decision to arrest plaintiff." Zelman Affirmation at ¶ 12. The failure to identify West in the original complaint, therefore, was not a "mistake," as that term is used in Rule 15(c)(1)(C)(ii), but was attributable to the fact that plaintiff did not then know of West's involvement. Under such circumstances, Rule 15(c) does not permit plaintiff's newly added § 1983 false arrest claim to relate back to the original complaint. See Barrow, 66 F.3d at 470.

Plaintiff's state-law false arrest claims against West are also time-barred. Under New York law, actions to recover for the negligence or "wrongful act" of a city or its employees must be brought "within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. Law § 50-i(1).[3] Although the limitations period does not begin

---

[3]The one year, ninety day limitations period applies even though the statute of limitations for false arrest and imprisonment claims prescribed in N.Y.C.P.L.R. § 215(3) is only one year. See Ruggerio v. Phillips, 292 A.D.2d 41, 44 (N.Y. App. Div. 2002). As the Fourth Department noted in Ruggerio, section 50-i(2) of the General Municipal Law expressly provides that section 50-i "shall be applicable notwithstanding any inconsistent provisions of law," while section 201 of New York's Civil Practice Law & Rules states that actions must be brought within the time periods specified in that article "unless a different time is prescribed by law." See Ruggerio, 292 A.D.2d at 44.

to run until the plaintiff is released from custody, see, e.g., Palmer v. City of New York, 226 A.D.2d 149, 149 (N.Y. App. Div. 1996), plaintiff was released from custody on October 31, 2005. Therefore, the statute of limitation with respect to plaintiff's state-law false arrest claim ran on January 29, 2007 – more than eight months before plaintiff moved to amend the complaint to add West as a defendant.

Plaintiff's state-law false arrest claims against West do not relate back to the original complaint for the same reason that plaintiff's § 1983 false arrest claims against West do not relate back. Although New York courts employ their own three-part test for determining when claims against a newly added defendant relate back to the original complaint, that test was derived from Rule 15(c) of the Federal Rules of Civil Procedure. Buran v. Coupal, 87 N.Y.2d 173, 179 (1995). Indeed, as originally formulated, that three-part test differed from Rule 15(c) in only one "critical respect," id. at 179: the third-prong of the state test required a finding that "the new party knew or should have known that, but for an excusable mistake by the plaintiff in originally failing to identify all the proper parties, the action would have been brought against the additional party united in interest as well," Mondello v. New York Blood Ctr., 80 N.Y.2d 219, 226 (1992) (emphasis added) (adopting the test set forth in Brock v. Bua, 83 A.D.2d 61, 69 (N.Y. App. Div. 1981)), while Rule 15(c) only required that the new party "knew or should have known that the action would have been brought against the party, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

In 1995, the New York Court of Appeals eliminated even that meager distinction between the state's three-part test and the Rule 15(c) standard by eliminating the excusability requirement. See Buran, 87 N.Y.2d at 181. Since then, at least with respect to the third prong of the New

York test, "New York's relation back law employs the same standard as the federal rule." <u>Sloane v. Town of Greenburgh</u>, No. 01 Civ. 11551 (MBM), 2005 WL 1837441, at *3 (S.D.N.Y. July 27, 2005) (citing <u>Corcoran v. New York Power Auth.</u>, 935 F.Supp. 376, 393 (S.D.N.Y. 1996), and <u>Bass v. World Wrestling Fed'n Entm't</u>, 129 F. Supp. 2d 491, 508 n. 13 (E.D.N.Y. 2001)). Therefore, plaintiff's state-law false arrest claims do not relate back for the same reason that plaintiff's § 1983 false arrest claims do not relate back – namely, that the failure to name West as a defendant in the original complaint was not a "mistake."

Finally, this Court agrees with Magistrate Judge Pohorelsky that the proposed amended complaint fails to state a malicious prosecution claim against West. While this Court is well aware that plaintiff's amended complaint need only comply with the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, see <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 513 (2002), "bald assertions and conclusions of law will not suffice to meet this standard." <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996). Rule 8(a) requires, among other things, a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement of the claim must give a defendant notice of the claim or claims asserted so as to enable that defendant to answer and prepare for trial. <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995); <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988). A pleading which is "so baldly conclusory that it fails to give notice of the basic events and circumstances of which the plaintiff complains" is inadequate. <u>Shuster v. Oppleman</u>, No. 96 Civ. 1689 (JGK), 1999 WL 9845, at *3 (S.D.N.Y. Jan. 11, 1999) (citing <u>Duncan v. AT&T Communications, Inc.</u>, 668 F.Supp. 232, 234 (S.D.N.Y. 1987)).

In this case, the allegations in the proposed amended complaint are far too conclusory to provide West with any notice of the claims against him. Indeed, West's name appears only once

in the entire proposed amended complaint – in the caption. There are no specific allegations concerning what acts or omissions West committed, much less when or where he allegedly committed them.

To be sure, the proposed amended complaint contains some new allegations concerning the defendants as a whole. Specifically, paragraph 17 of the proposed amended complaint added three sentences. The first alleged that the defendants knew or should have known that there was insufficient evidence to arrest and/or prosecute plaintiff, but "continued to assist in pressing charges" against him. The second sentence alleged that the defendants "concealed exculpatory information." The third sentence alleged that the defendants "unreasonably prolonged plaintiff's detention." However, even assuming that West was among the "defendants" referred to in amended paragraph 17, the allegations themselves were so conclusory as to provide inadequate notice. For example, the allegation that defendants "concealed exculpatory information" not only fails to identify the exculpatory information, but also fails to indicate what was concealed, from whom the information was concealed, or what effect the concealment allegedly had. Similarly, the allegation that defendants "unreasonably prolonged plaintiff's detention" does not state what the defendants did to prolong the detention.

In order for a plaintiff who has been indicted to succeed on a malicious prosecution claim against a police officer, "he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Rothstein v. Carriere, 373 F.3d 275, 283 (2d Cir. 2004). Even if plaintiff's proposed amended complaint can be read as suggesting that West suppressed evidence, it does not allege that such evidence was concealed from the grand jury or that the failure to divulge the concealed information impacted

13

the grand jury's decision to indict plaintiff. Therefore, had plaintiff been permitted to amend his complaint in the manner he proposed, West could – and likely would – have immediately brought a meritorious motion to dismiss the amended complaint for failure to state a claim.

Magistrate Judge Pohorelsky's ruling, therefore, benefitted both parties by saving them the time and expense associated with the motion to dismiss which would have almost certainly followed the filing of the proposed amended complaint. Moreover, the ruling did not prejudice plaintiff, who himself acknowledges that he will shortly be forced to provide specifics regarding his claims in response to West's dispositive motions. See Transcript of Motion Hearing and Discovery Status Conference of Feb. 7, 2008, at 30. Accordingly, this Court fully concurs with Magistrate Judge Pohorelsky's decision to require plaintiff to replead his malicious prosecution claim.

## *CONCLUSION*

For the reasons set forth above, this Court concludes that Magistrate Judge Pohorelsky's rulings of February 7, 2008, were entirely correct and that plaintiff's objections to those rulings are without merit. To the extent that Magistrate Judge Pohorelsky's rulings constitute recommendations, those recommendations are accepted in their entirety.

SO ORDERED.

_____
ALLYNE R. ROSS
United States District Judge

Dated: April 29, 2008
Brooklyn, New York

SERVICE LIST:

*Counsel for Plaintiff*

David A. Zelman, Esq.
612 Eastern Parkway
Brooklyn, NY 11225

*Counsel for Defendants*

Michael Chestnov, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, NY 10007