D + F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JEREMY WILSON,

                Plaintiff,

     -against-

THE CITY OF NEW YORK, DETECTIVE
SETH LAYNE, Shield # 3302, DETECTIVE
CHRISTOPHER SEIBOLD, Shield # 5580,

                Defendants.
------------------------------------------------------------- x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

06-CV-229 (ARR)(VVP)

**OPINION AND ORDER**

ROSS, United States District Judge:

Plaintiff, Jeremy Wilson, hereby appeals to this Court pursuant to Fed. R. Civ. P. 72(a) from two discovery orders issued by the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, in the above-referenced case. In the first of the two orders, Magistrate Judge Pohorelsky denied defendants' motion to compel plaintiff to produce statements given by two non-party eyewitnesses to the shooting which is central to this case, but required that plaintiff disclose the identity and addresses of these two witnesses, as well as the identity and addresses of any other non-party witnesses from whom statements had been obtained. In the second of the two orders, Magistrate Judge Pohorelsky denied plaintiff's motion for reconsideration of the first order. For the reasons set forth below, neither of Magistrate Judge Pohorelsky's orders are "clearly erroneous or contrary to law," and both of plaintiff's appeals are, therefore, denied.

## *BACKGROUND*

In January 2006, plaintiff commenced this action pursuant to 42 U.S.C. § 1983 and State law, principally alleging that defendants – New York City Police Department Detectives Seth Layne and Christopher Seibold – falsely arrested and maliciously prosecuted him in connection with a shooting which occurred on March 9, 2003, at a video arcade in Times Square (the

"Incident"). In June 2006, defendants served their first set of interrogatories and document requests upon plaintiff. These discovery requests included Interrogatory # 19, which requested that plaintiff "[i]dentify all documents prepared by plaintiff, or any other person, that relate to the Incident, claims and subject matter of this litigation," and Document Request # 2, which requested that plaintiff "[p]roduce all documents regarding the Incident, including documents concerning plaintiff's arrest and criminal prosecution . . . and any and all other documents concerning the Incident that are in plaintiff's possession, custody or control."

Although plaintiff objected to Interrogatory # 19 as "overbroad, vague, unduly burdensome" and seeking information which was neither relevant nor calculated to lead to the discovery of admissible evidence, plaintiff interposed no objection to Document Request # 2. See Plaintiff's Response to Defendants' First Set of Interrogatories and Requests for Production of Documents, dated Sept. 19, 2006, at pp. 9, 10. Moreover, plaintiff stated that he was not in possession of documents responsive to either discovery request. See id.

On February 7, 2008 – over 16 months after serving his response to defendants' first set of interrogatories and document requests – plaintiff intimated to defendants' counsel that he had affidavit from non-party witnesses to the Incident which he had never disclosed or identified. On February 15, 2008, after plaintiff refused to provide these affidavits to defendants or even to provide basic information concerning them, defendants moved to compel plaintiff to produce "affidavits, or other written statements, from non-party witnesses that are in plaintiff's custody, possession or control." See Letter to Honorable Viktor V. Pohorelsky from Asst. Corp. Counsel Michael Chestnov, dated Feb. 15, 2008, at 1. Defendants recognized that such documents might constitute attorney work product, but asserted that plaintiff had waived the work product privilege by failing to timely assert it and by failing to provide a privilege log. Id. at 2-3.

2

In a response dated February 24, 2008, plaintiff – principally relying on two cases decided by magistrate judges in other circuits – 1100 West, LLC v. Red Spot Paint & Varnish Co., No. 1:05-cv-1670-LJM-WTL, 2007 WL 2904073 (S.D. Ind. May 18, 2007), and Lamer v. Williams Communications, LLC, No. 04-CV-847-TCH-PJC, 2007 WL 445511 (N.D. Okla. Feb. 6, 2007) – argued that it was unnecessary to provide defendants with a privilege log. However, notwithstanding this argument, plaintiff filed a privilege log on the same date as the response. That log identified two documents: (1) a one-page letter drafted by plaintiff's counsel and signed by an non-party eyewitness on December 19, 2007, which "discusses recollections of the March 9, 2003 incident and aftermath," and (2) a three-page memorandum "prepared with the assistance of plaintiff's counsel's investigator" and signed by a non-party eyewitness sometime in January 2008, which "discusses the March 9, 2003 incident and aftermath."

In an order dated March 26, 2008, Magistrate Judge Pohorelsky denied defendant's motion to compel the production of these two statements. Magistrate Judge Pohorelsky found it unnecessary to rule on the question of whether a privilege log was required under the circumstances of this case because plaintiff had, in fact, elected to provide a privilege log. Order dated Mar. 26, 2008, at 2. In addition, Magistrate Judge did not rule on the issue of whether the privilege log was timely submitted, but held:

> Given legitimate uncertainty about whether such documents must be identified on a privilege log and the fact that a log has now been provided within a relatively brief period after the documents were obtained, the court cannot find that the work product protections afforded to the statements have been waived.

Id.

Although he denied defendant's motion to compel, Magistrate Judge Pohorelsky expressed dissatisfaction with the privilege log that had been submitted by counsel, noting that it

3

did not "disclose the names of the two witnesses from whom the statements were obtained." Id. He therefore directed plaintiff "to disclose the identities and most recent addresses of the two witnesses . . . ., as well as the identities and most recent addresses of any other non-party witnesses from whom statements have been obtained." Id. at 3.

By letter dated April 4, 2008, plaintiff appealed pursuant to Fed. R. Civ. P. 72(a) from so much of Magistrate Judge Pohorelsky's ruling as required him to disclose the names and addresses of the witnesses from whom he had taken statements. Citing to two recent opinions by Magistrate Judge Kiyo A. Matsumoto – Strauss v. Credit Lyonnais, S.A., 242 F.R.D. 199 (E.D.N.Y. 2007) and Weiss v. Nat'l Westminster Bank, PLC, 242 F.R.D. 33 (E.D.N.Y. 2007) – plaintiff argued "that ordering a party to disclose the identities of the witnesses interviewed by plaintiff's counsel or from whom statements were obtained violates the attorney work product privilege." Letter to Honorable Allyne R. Ross from David A. Zelman, Esq., dated Apr. 4, 2008, at 1.

In addition, plaintiff separately moved before Magistrate Judge Pohorelsky for (1) reconsideration of his March 26, 2008, ruling, and (2) a stay of that ruling pending decision on the motion for reconsideration. Magistrate Judge Pohorelsky granted the latter motion, see Electronic Order dated Apr. 9, 2008, but subsequently denied the motion for reconsideration both orally and in writing on April 16, 2008. See Minute Order dated Apr. 16, 2008; Order dated Apr. 16, 2008. Magistrate Judge Pohorelsky held that plaintiff's motion for reconsideration offered "neither controlling decisions nor facts that the court originally overlooked," and that even if he were to consider "the new authorities cited by the plaintiff in his motion," his decision would remain unchanged. Plaintiff now appeals not only Magistrate Judge Pohorelsky's March 26, 2008, ruling, but also his rulings on plaintiff's motion for reconsideration.

4

## DISCUSSION

*The Standard of Review*

Rule 72(a) and the Federal Magistrates Act establish that a district court shall reverse a Magistrate Judge's order regarding a non-dispositive matter only where the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Because pretrial discovery matters are generally considered "non-dispositive," they are reviewed under this "clearly erroneous" standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Popular Imports, Inc. v. Wong's Int'l, Inc., 166 F.R.D. 276, 277 (E.D.N.Y. 1996).

A party seeking to overturn a magistrate judge's discovery order bears a "heavy burden." Perez v. Consol. Edison Co., No. 02 Civ. 2832 (SAS), 2003 WL 22586492, at *2 (S.D.N.Y. Nov. 7, 2003) (citing Com-Tech. Assocs. v. Computer Assoc. Int'l, 753 F.Supp. 1078, 1079 (E.D.N.Y.), aff'd, 938 F.2d 1574 (2d Cir. 1991)). A finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Under this "highly deferential standard of review," magistrate judges are "'afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused.'" Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A., No. 02 Civ. 0795 (CBM), 2005 WL 1026461, AT *3 (S.D.N.Y. May 29, 2005) (quoting Derthick v. Bassett-Walker Inc., Nos. 90 Civ. 5427 (JMC), 90 Civ. 7479 (JMC), & 90 Civ. 3845 (JMC), 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992); see also Perez, 2003 WL 22586492, at *2.

*The Ruling on Defendant's Motion to Compel*

Magistrate Judge Pohorelsky's March 26, 2008, ruling was not "clearly erroneous or contrary to law." First, Magistrate Judge Pohorelsky was correct in ruling that plaintiff had

essentially rendered defendants' motion moot by producing a privilege log which listed the two statements in issue. Indeed, plaintiff does not object to this aspect of Magistrate Judge Pohorelsky's ruling.

Magistrate Judge Pohorelsky was also correct in noting that the privilege log failed to disclose the names of the two witnesses from whom the statements were obtained. Local Civil Rule 26.2(2) provides that the following information be provided with respect to any documents which are withheld on the grounds of privilege, unless divulgence of such information would cause disclosure of the allegedly privileged information:

> (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document . . . .

Magistrate Judge Pohorelsky found it appropriate to require plaintiff to identify the persons from whom the allegedly privileged statements were taken, and offered several reasons why he found it appropriate to do so. The primary reason was to streamline defendants' discovery by identifying the non-party witnesses whom plaintiff was likely to call at trial. This Court agrees with plaintiff that this was not an appropriate reason for requiring plaintiff to identify the witnesses. The identity of the witnesses a plaintiff chooses to interview or to take statements from is generally not information which defendants can obtain through discovery precisely because "[d]isclosure of this information would inevitably teach defendants which individuals the [plaintiff] considered more or less valuable witnesses and how [plaintiff] was preparing for trial." See, e.g., Weiss v. Nat'l Westminster Bank, PLC, 242 F.R.D. at 61 (quoting United States v. Dist. Council of New York City and Vicinity of the United Bhd. of Carpenters and Joiners of America, No. 90 Civ. 5722, 1992 WL 208284, at *10 (S.D.N.Y. Aug. 18, 1992)).

However, this was not the only reason suggested by Magistrate Judge Pohorelsky. He also cited to Fed. R. Civ. P. 26(b)(3)(A)(ii) and noted that disclosure of the witnesses's identities was necessary "to permit the defendants the opportunity to obtain the substantial equivalent of any such statements." Rule 26(b)(3)(A)(ii) provides that a party may obtain another party's work product if the party seeking disclosure "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." In light of number and nature of the witnesses to the gang-related shooting, it was entirely reasonable to assume that defendants would find it difficult to locate and interview or depose them all during the limited period remaining for discovery. Therefore, as Magistrate Judge Pohorelsky implied, disclosure of the names of the witnesses from whom plaintiff had obtained statements is necessary to enable defendants to assess whether to bring a motion pursuant to Rule 26(b)(3)(A)(ii) to obtain these statements.

Accordingly, this Court concludes that it was not "clear error" for Magistrate Judge Pohorelsky to require the disclosure of the identity of the two witnesses from whom plaintiff had taken statements. In addition, Magistrate Judge Pohorelsky's decision to require plaintiff to identify any other witnesses from whom statements were obtained did no more than ensure that plaintiff had provided a complete privilege log, since all such statements – and not just those of which defendants were already aware – should have been identified in the log. Similarly, the requirement that plaintiff supply defendants with the most recent addresses of these witnesses did little more than ensure that plaintiff had complied with his continuing obligation to update the addresses of the witnesses identified by plaintiff pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i).

*The Ruling on Defendant's Motion for Reconsideration*

Magistrate Judge Pohorelsky's April 16, 2008, ruling, denying reconsideration of his March 26, 2008, decision, was also not "clearly erroneous or contrary to law." "The standard for granting . . . a motion [for recosideration] is strict, and reconsideration will generally be denied unless the moving party can point to <u>controlling</u> decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (emphasis added).

As Magistrate Judge Pohorelsky correctly noted, plaintiff's motion for reconsideration did not point to controlling decisions or facts which had been overlooked. The two cases cited by plaintiff in his motion for reconsideration – Weiss and Strauss v. Credit Lyonnais, S.A., supra – are both authored by the Honorable Kiyo A. Matsumoto, another magistrate judge of this Court. However well-reasoned those opinions may be, they were not "controlling" on Magistrate Judge Pohorelsky or on any other court. Moreover, none of the authorities cited by Magistrate Judge Matsumoto in that portion of the Strauss opinion which is quoted in plaintiff's counsel's Affirmation in Support of the Motion for Reconsideration, ¶ 4, constitute "controlling decisions."

In addition, plaintiff does not even allege that there are facts which Magistrate Judge Pohorelsky overlooked. Accordingly, Magistrate Judge Pohorelsky's April 16, 2008, order denying plaintiff's motion for reconsideration is hereby affirmed.

## *CONCLUSION*

For the reasons stated above, this Court concludes that neither Magistrate Judge Pohorelsky's order dated March 26, 2008, nor his April 16, 2008, decisions are "clearly erroneous or contrary to law." Plaintiff's appeals from those orders are, therefore, denied.

SO ORDERED.

s/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: May 7, 2008
Brooklyn, New York

**SERVICE LIST**:

      David A. Zalman, Esq.
      612 Eastern Parkway
      Brooklyn, New York 11225

      Michael Chestnov
      Assistant Corporation Counsel
      City of New York Law Department
      100 Church Street
      New York, NY 10007

cc: Magistrate Judge Pohorelsky