

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | MICHAEL CHESTNOV<br>*Assistant Corporation Counsel*<br>(212) 788-0991<br>(212) 788-9776 (fax)<br>mchestno@law.nyc.gov |
|---|---|---|

February 9, 2011

**VIA E.C.F. AND HAND DELIVERY**
Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Jeremy Wilson v. City of New York et al.
CV 06-0229 (ARR) (VVP)

Your Honor:

  As the Court may recall, I am the attorney in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above matter. In that capacity, I write to inform the Court that the parties have reached a settlement of plaintiff's sole remaining claims in this action and accordingly defendant respectfully submitd the enclosed stipulation of settlement and order of dismissal, executed by counsel for both parties, for the Court's endorsement.

  I thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/

Michael Chestnov
Senior Counsel
Special Federal Litigation Division

cc: Hon. Viktor V. Pohorelsky, United States Magistrate Judge (via E.C.F.)

David Zelman, Esq., attorney for plaintiff (via E.C.F.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x

JEREMY WILSON,

                                       Plaintiff,

          -against-

THE CITY OF NEW YORK, DETECTIVE
SETH LAYNE, Shield # 3302, DETECTIVE
CHRISTOPHER SEIBOLD, Shield # 5580,
LIEUTENANT JAMES A. WEST,

                                      Defendants.

----------------------------------------------------------- x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

CV 06-229 (ARR)(VVP)

**WHEREAS**, plaintiff JEREMY WILSON commenced this action by filing a complaint on or about January 19, 2006, alleging that defendants City of New York, Det. Seth Layne and Det. Christopher Seibold violated plaintiff's federal civil and state common law rights; and

**WHEREAS**, plaintiff filed a proposed First Amended Complaint on November 26, 2007, a Second Amended Complaint on February 25, 2008, a proposed Second Amended Complaint on February 27, 2008, a proposed Third Amended Complaint on June 27, 2008; and a Fourth Amended Complaint on February 24, 2009; and

**WHEREAS**, plaintiff's Fourth Amended Complaint added Lt. James West as a defendant in this action; and

**WHEREAS**, by Orders dated May 27, 2010 and September 3, 2010, the Court granted summary judgment to defendants on all claims, except plaintiff's § 1983 and state law false arrest claims against defendant Det. Seth Layne, see Wilson v. City of New York, CV 06-

229 (ARR)(VVP), 2010 U.S. Dist. LEXIS 92871, at *25 (E.D.N.Y. Sept. 3, 2010) ("The only claims remaining are the § 1983 and state law false arrest claims against Detective Layne"); and

**WHEREAS**, on October 25, 2010 plaintiff requested a pre-motion conference so he could, *inter alia*, seek leave to file a Fifth Amended Complaint; and

**WHEREAS**, plaintiff's application to seek leave to file a Fifth Amended Complaint is still pending; and

**WHEREAS**, the sole remaining defendant, Det. Layne, has denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS**, plaintiff Jeremy Wilson has assigned all of his rights to attorneys' fees, expenses and costs to his attorney David A. Zelman, Esq.; and

**WHEREAS**, the parties now desire to resolve the sole remaining claims (plaintiff's false arrest claims) in this action, without further proceedings and without admitting any fault or liability, except that plaintiff may appeal only those claims that were dismissed at the summary judgment stage;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. Plaintiff's § 1983 and state law claims for false arrest are hereby dismissed against all present and former defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff JEREMY WILSON the sum of FIFTEEN THOUSAND DOLLARS ($15,000), in full satisfaction of his claims for false arrest, and, as Mr. Wilson has assigned all of his rights to attorneys' fees, expenses and costs to his attorney, David A. Zelman, Esq., defendant City of New York also agrees to pay plaintiff's counsel, DAVID A. ZELMAN, Esq., the sum of FIFTY THOUSAND DOLLARS ($50,000), as attorneys' fees for plaintiff's false arrest claims, in full satisfaction of

2

all claims for costs, expenses, attorneys' fees and any claims for interest relating to plaintiff's false arrest claims. In consideration for the payment of these sums, plaintiff agrees to the dismissal with prejudice of the sole remaining claims in this action, his § 1983 and state law claims for false arrest, brought against all defendants, both past and present, the City of New York, Seth Layne, Christopher Seibold and James West, and to release all of the present or former defendants, and any present or former employees and agents of the City of New York or any agency thereof, including, but not limited to, the New York City Police Department, from any and all claims of false arrest that were or could have been alleged in this action. In addition, in consideration of the payment of these sums, and, as Mr. Wilson has assigned all of his rights to attorneys' fees, expenses and costs to his attorney, David A. Zelman, Esq., plaintiff and DAVID A. ZELMAN, Esq., agree to release all of the present or former defendants, and any present or former employees and agents of the City of New York or any agency thereof, including, but not limited to, the New York City Police Department, from any and all claims for costs, expenses, and attorneys' fees related to plaintiff's claims for false arrest in this action.

3. While the parties have agreed to resolve plaintiff's sole remaining claims in this action (plaintiff's false arrest claims) for the amounts set forth in paragraph "2", *supra*, plaintiff may still pursue an appeal of any of the claims to which any present or former defendants were granted summary judgment in the Court's May 27, 2010 and September 3, 2010 Orders, or any other aspects of the Court's May 27, 2010 and September 3, 2010 Orders, including but not limited to the Court's finding that plaintiff did not properly plead a delayed arraignment claim. Wilson v. City of New York, CV 06-229 (ARR)(VVP), Slip Op. at 2, n.2 (E.D.N.Y. May 27, 2010), except that plaintiff may not appeal any grant of summary judgment to any present or former defendants on plaintiff's false arrest claims.

3

4.   Should plaintiff's appeal be successful, and/or should plaintiff ultimately be entitled to attorneys' fees, expenses, or costs in this matter, the amount of any fee award will be reduced by FIFTY THOUSAND DOLLARS ($50,000).

5.   As set forth in paragraph "2" *supra*, FIFTY THOUSAND DOLLARS ($50,000) is the amount the parties have agreed upon to settle any claim for attorneys' fees, expenses and costs, relating to plaintiff's false arrest claims. Accordingly, any future fee application in this matter should not compensate plaintiff or plaintiff's counsel for any time expended on tasks that solely relate to plaintiff's false arrest claims.

6.   There shall be no reduction in any future fee award to account for the fact that plaintiff has settled his false arrest claims, other than the $50,000 reduction set forth in paragraph "4" *supra*. However, as set forth in paragraph "5", *supra*, in any future fee award, plaintiff or plaintiff's counsel shall not be compensated for any tasks that solely relate to plaintiff's false arrest claims. Nothing in this paragraph shall limit the Court from making any other reductions in any potential fee application in this matter that it may deem appropriate.

7.   In consideration for the amounts set forth in paragraph "2" *supra*, plaintiff hereby withdraws his application for leave to file a Fifth Amended Complaint, and plaintiff shall not seek any further amendment of the pleadings in this action.

8.   Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. Plaintiff's counsel, David A. Zelman, Esq. shall also execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement

4

documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

9. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or other settlement negotiations. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

10. Plaintiff agrees to hold harmless the City of New York, Seth Layne, Christopher Seibold and James West regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

11. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       _____, 2011

David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072

By: _____
    David A. Zelman, Esq.
    *Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-143
New York, New York 10007
(212) 788-0991

By: _____
    Michael Chestnov
    *Senior Counsel*

SO ORDERED:

_____
HON. ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE

6